1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HOYLE VANCE VERNON,

    Petitioner,

  v.

DONALD HOLBROOK,

    Respondent.

CASE NO. 3:16-CV-05167-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: June 17, 2016

   The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner filed his federal habeas Petition ("Petition"), pursuant to 28 U.S.C. § 2254, seeking relief from a state court conviction. Dkt. 1. The Court concludes the state court's adjudication of the grounds raised in the Petition was not contrary to, or an unreasonable application of, clearly established federal law. Therefore, the undersigned recommends the Petition be denied.

1                                   <u>BACKGROUND</u>

2    **I.      Factual Background**

3          The Commissioner of the Court of Appeals of the State of Washington summarized the

4    facts of Petitioner's case as follows:

5          In 2003, two of Vernon's grandchildren, J. and K., informed their mother
           that Vernon had molested them when they were small children. At the time
6          of the disclosure, J. was 22 and K. was 21. The mother called the police.
           The statute of limitations had expired, so no criminal charges were brought
7          against Vernon. K. filed a civil action against Vernon in 2006. The suit was
           settled in 2007 for $250,000.

8
           After the disclosures in 2003 by J. and K., Vernon's third grandchild, P.,
9          denied that Vernon had molested him. P. was then 10 years old. In 2007,
           after K. settled her civil action against Vernon, P. told his mother that
10         Vernon had done "some stuff to me, too." The mother called the police. At
           about that time, Vernon moved to Chapala, Mexico.
11
           On September 7, 2007, the State charged Vernon with two counts of first
12         degree child molestation of P. Shortly before trial, the trial court allowed the
           State to amend its information to add a third count of first degree child
13         molestation. The State obtained an arrest warrant for Vernon. In 2011,
           Vernon was arrested on the warrant and arraigned.
14
           The State filed a motion to allow J. and K. to testify as to Vernon's
15         molestation of them. The State made an offer of proof that P. had reported
           that on more than four occasions between kindergarten and fourth grade,
16         while watching television alone with Vernon, Vernon had put his hand
           under P.'s pants and rubbed his penis. It also made an offer of proof that J.
17         had reported that between third and sixth grade, while watching television
           alone with Vernon, Vernon had fondled him on multiple occasions. And it
18         made an offer of proof that K. had reported that between the ages of seven
           or eight and thirteen, Vernon had sexually abused her. She reported that
19         Vernon had started by touching her genitals while watching television alone
           with him and later engaged in sexual intercourse with her. The State brought
20         its motion under RCW 10.58.090, which purported to make prior sex
           offenses admissible. But by the time the motion was considered, RCW
21         10.58.090 had been held unconstitutional. The State then sought to have J.'s
           and K.'s testimony admitted as evidence of a "common scheme or plan"
22         under ER 404(b). The trail court ruled as follows:

23              To admit evidence of prior bad acts to prove a common scheme or
                plant (sic) "the prior acts must be (1) proved by a preponderance of
24

1   the evidence, (2) admitted for the purpose of proving the common
    scheme or plan, (3) relevant to prove an element of a crime charged
2   or to rebut a defense, and (4) more probative than prejudicial." *State
    v. Lough*, 125 Wn.2d 847, 852, 889 Pac.2d 487 (1995).

3

4   In the present case the parties concede that the evidence has been
    proved by a preponderance of the evidence. The Court finds that the
    evidence is relevant to prove an element of the crime charged or to
5   rebut a defense. Further, the Court finds that the State seeks to admit
    this evidence for the purpose of proving a common scheme or plan.

6

7   The Court must engage in a balancing of probative value versus
    prejudicial [effect]. In balancing probative value versus prejudicial
    [effect], the Court must consider each piece of evidence separately.

8

9   In the case of [K.], the Court finds that the circumstances
    surrounding her molestation by the defendant, including the manner
    in which it occurred, as well as her age, is admissible and not overly
10  prejudicial. On the other hand, evidence that the defendant inserted
    her (sic) fingers into her vagina, had oral sex with her, and had
11  penile/vaginal sex with her is overly prejudicial and is excluded. The
    degree of similarity between these other acts of sexual assault is not
12  substantial and is overly prejudicial.

13  As to the incidents with [J.], the Court finds that these are relevant
    and admissible in the State's case in chief. The prejudicial [effect]
14  does not outweigh the probative value considering all the
    circumstances of the case.

15

16  In summary, the Court is finding that there are sufficient similarities
    between the charged incident and the facts of the molestations with
    the victim's siblings to demonstrate that there is a general plan by
17  the defendant. The general plan is manifested by his actions. It is
    noted above, the probative value of the evidence substantially out-
18  weighs [sic] the danger of unfair prejudice, confusion of the issues,
    misleading the jury, and is therefore admissible.

19
    Before K. testified, the trial court instructed the jury:
20

21  [Y]ou are going to hear evidence that the Defendant is alleged to
    have sexually abused [K.]. You may only consider this evidence to
    determine whether the Defendant used a common scheme or plan in
22  allegedly committing the offense for which he is being tried. You
    may not consider this evidence for any other purpose.

23

24

REPORT AND RECOMMENDATION - 3

1  K. then testified that Vernon would touch her chest and vagina while
2  watching television with her in the library room or after coming into her
   bedroom.

3  Before J. testified, the trial court instructed the jury:

4      [Y]ou're going to hear evidence that the Defendant is alleged to
       have sexually abused [J.]. You may only consider this evidence to
5      determine whether the Defendant used a common scheme or plan in
       allegedly committing the offense which is being tried. You may not
6      consider this evidence for any other purpose.

7  J. then testified that while he and Vernon were alone in the art study or in
   the library room while watching television, Vernon would reach under his
8  clothes and fondle his penis.

9  P. testified that while watching television alone with Vernon, Vernon would
   slide his hand under P.'s pants and fondle his penis. He testified that this
10 first occurred when he was in kindergarten or first grade and occurred five
   to ten times. He said that he denied having been touched because he "was
11 uncomfortable talking about it" until after K.'s civil action was settled.

12 Vernon testified and admitted that he had molested J. and K. He denied
   having touched P. inappropriately.
13
   At the close of testimony, the trial court instructed the jury, including the
14 following:

15     You heard evidence the Defendant is alleged to have sexually
       abused [K. and J.]. You may only consider this evidence to
16     determine whether the Defendant used a common scheme or plan in
       allegedly committing the offense for which he is being tried. You
17     may not consider this evidence for any other purpose.

18 The jury found Vernon guilty as charged.

19 Dkt. 8, Exhibit 13, pp. 1-5 (internal citations omitted, quotations and brackets in original).

20 **II.    Procedural Background**

21     Petitioner challenged his Clark County Superior Court convictions and sentence on direct

22 appeal alleging the trial court erred by allowing the state to elicit propensity evidence under

23 Evidence Rule ("ER") 404(b). *See* Dkt. 8, Exhibit 10. The case was submitted on the briefs to the

24

1   Commissioner of the Court of Appeals. *See* Dkt. 8, Exhibit 12. On June 24, 2013, the

2   Commissioner affirmed Petitioner's judgment and sentence. Dkt. 8, Exhibit 13. Petitioner filed a

3   motion to modify, which was denied. *See* Dkt. 8, Exhibits 14, 15. Petitioner did not seek further

4   review, and the Court of Appeals issued its mandate on September 16, 2013. *See* Dkt. 8, Exhibit

5   16; Dkt. 7, p. 5.

6       Petitioner filed a state collateral attack –a personal restraint petition ("PRP") – on August

7   13, 2014. Dkt. 8, Exhibit 17. The state court denied Petitioner's PRP on April 1, 2015. Dkt. 8,

8   Exhibit 20. Petitioner moved for discretionary review and, on November 6, 2015, the Supreme

9   Court of the State of Washington denied Petitioner's motion for discretionary review. *See* Dkt. 8,

10  Exhibits 21, 22. Petitioner moved to modify the Commissioner's ruling, which was denied on

11  March 2, 2016. *See* Dkt. 8, Exhibits 25, 26.

12      On March 3, 2016, Petitioner filed his Petition raising the following two grounds for relief:

13  (1) the state court's admission of unreliable and untested hearsay statements made by the child

14  complainant to a counselor procured for him by a third party for an investigative purpose admitted

15  under a medical diagnosis or treatment exception of state evidence rule 803 was contrary to or an

16  unreasonable application of clearly established federal law; and (2) the state court's admission of

17  prior bad act propensity evidence admitted under a common scheme or plan theory pursuant to

18  state evidence rule 404(b) was contrary to or an unreasonable application of clearly established

19  federal law. Dkt. 1, 2.

20      Respondent concedes Petitioner exhausted each ground for relief, but maintains

21  Petitioner failed to state constitutional grounds entitling him to federal relief. Dkt. 7. Respondent

22  asserts the state court adjudicated Grounds 1 and 2 on the merits, and the adjudication did not

23

24

1  result in a decision which was not contrary to, or an unreasonable application of, clearly

2  established federal law. *Id.*

3       Respondent served Petitioner with a copy of the Answer on April 8, 2016. *Id*. Petitioner

4  has not filed a response.

5  <u>EVIDENTIARY HEARING</u>

6       The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro*

7  *v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing

8  could enable an applicant to prove the petition's factual allegations, which, if true, would entitle

9  the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under

10  28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen v.*

11  *Pinholster*, 131 S.Ct. 1388 (2011). A hearing is not required if the allegations would not entitle

12  Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes

13  the applicant's factual allegations or otherwise precludes habeas relief, a district court is not

14  required to hold an evidentiary hearing." *Id.*; *see Cullen*, 131 S.Ct. 1388. The Court finds it is not

15  necessary to hold an evidentiary hearing in this case because Petitioner's claims may be resolved

16  on the existing state court record.

17  <u>DISCUSSION</u>

18  **I.     Standard of Review**

19       Pursuant to 28 U.S.C. § 2254(d)(1), a federal court may not grant habeas relief on the basis

20  of a claim adjudicated on the merits in state court unless the adjudication "resulted in a decision

21  that was contrary to, or involved an unreasonable application of, clearly established federal law, as

22  determined by the Supreme Court of the United States." In interpreting this portion of the federal

23  habeas rules, the Supreme Court has ruled a state decision is "contrary to" clearly established

24

1    Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that

2    reached by the Supreme Court on a question of law, or (2) confronts facts "materially

3    indistinguishable" from relevant Supreme Court precedent and arrives at an opposite result.

4    *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

5         Moreover, under § 2254(d)(1), "a federal habeas court may not issue the writ simply because

6    that court concludes in its independent judgment that the relevant state-court decision applied

7    clearly established federal law erroneously or incorrectly. Rather, that application must also be

8    unreasonable." *Id.* at 411; *see Lockyer v. Andrade*, 538 U.S. 63, 69 (2003). An unreasonable

9    application of Supreme Court precedent occurs "if the state court identifies the correct governing

10   legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state

11   prisoner's case." *Williams*, 529 U.S. at 407. In addition, a state court decision involves an

12   unreasonable application of Supreme Court precedent "'if the state court either unreasonably

13   extends a legal principle from [Supreme Court] precedent to a new context where it should not

14   apply or unreasonably refuses to extend that principle to a new context where it should apply.'"

15   *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (*quoting Williams*, 529 U.S. at 407).

16        The Anti-Terrorism Effective Death Penalty Act ("AEDPA") requires federal habeas courts

17   to presume the correctness of state courts' factual findings unless applicants rebut this presumption

18   with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Further, review of state court

19   decisions under §2254(d)(1) is "limited to the record that was before the state court that

20   adjudicated the claim on the merits." *Cullen*, 131 S.Ct. at 1398.

21   **II.    Admission of Evidence**

22        In both Grounds 1 and 2, Petitioner alleges the state court erred in allowing the admission

23   of evidence at trial under state evidence rules. Dkt. 2.

24

REPORT AND RECOMMENDATION - 7

1   As stated by the Ninth Circuit, the Court does not "review questions of state evidence

2   law. On federal habeas [the Court] may only consider whether the petitioner's conviction

3   violated constitutional norms." *Jammal v. Van de Kamp*, 926 F.3d 918, 919 (9th Cir. 1991)[1];

4   *Estell v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to

5   reexamine state-court determinations on state law questions"). "[F]ailure to comply with the

6   state's rules of evidence is neither a necessary nor a sufficient basis for granting habeas relief."

7   *Id.*; *Marshall v. Longberger*, 459 U.S. 422, 438 n. 6 (1983) ("the Due Process Clause does not

8   permit the federal courts to engage in a finely-tuned review of the wisdom of state evidentiary

9   rules: 'It has never been thought that [decisions under the Due Process Clause] establish this

10  Court as a rule-making organ for the promulgation of state rules of criminal procedure.'" (*citing*

11  *Spencer v. Texas*, 385 U.S. 554, 564 (1967))). "While adherence to state evidentiary rules

12  suggests that the trial was conducted in a procedurally fair manner, it is certainly possible to have

13  a fair trial even when state standards are violated; conversely, state procedural and evidentiary

14  rules may countenance processes that do not comport with fundamental fairness." *Jammal*, 926

15  F.2d at 919.

16  Accordingly, the issue before the Court is whether the trial court committed an error

17  which rendered the trial so arbitrary and fundamentally unfair that it violated due process. *Id.*;

18  *Reiger v. Christensen*, 789 F.2d 1425, 1430 (9th Cir. 1986). "Under AEDPA, even clearly

19  erroneous admissions of evidence that render a trial fundamentally unfair may not permit the

20  grant of federal habeas corpus relief if not forbidden by 'clearly established Federal law,' as laid

21  out by the Supreme Court." *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (*citing*

22  

23  _____

    [1] Although Supreme Court precedent provides the only relevant source of clearly established federal law
    for AEDPA purposes, circuit precedent can be "persuasive authority for purposes of determining whether particular
    state court decision is an 'unreasonable application' of Supreme court law," and in ascertaining "what law is 'clearly

24  established.'" *Duhaime v. Ducharme*, 200 F.3d 597, 600–01 (9th Cir. 2000).

1  28 U.S.C. § 2254(d)). Thus, if there is no clearly established federal law as determined by the

2  Supreme Court, habeas relief is barred even if the state court erroneously admitted irrelevant or

3  prejudicial evidence. *Id.* (*citing Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

4       A.  <u>Admission of Evidence under ER 803</u>

5       In Ground 1, Petitioner alleges the state court erred by admitting unreliable and untested

6  statements made by the victim, P.R., to his mental health counselor as a hearsay exception under

7  Washington ER 803(a)(4). Dkt. 2, pp. 6 -11.

8       During the trial, after an offer of proof, the trial judge determined the testimony of Debra

9  Comrie, a mental health counselor and therapist who treated P.R. shortly after he reported

10  Petitioner had sexually abused him, would be admitted under ER 803(a)(4). Dkt. 8, Exhibit 1, pp.

11  76-93. Ms. Comrie testified she treated P.R. for about four months when he was fourteen years

12  old. *Id.* at p. 97. She testified part of her treatment included discussing sexual abuse committed

13  against P.R. by his grandfather and she stated during her treatment of P.R. she tried to help him

14  work through issues such as fear, nightmares, and loss of sleep. *Id.* at pp. 98-100.

15       In finding the trial court did not err in admitting Ms. Comrie's testimony, the Washington

16  State Court of Appeals stated:

17       Petitioner next argues that the trial court abused its discretion when it
     allowed the State to introduce statements that the victim gave to his

18       counselor under ER 803(a)(4). But the trial court did not abuse its
     discretion. A victim's statements made during treatment regarding sexual

19       abuse are statements made for the purposes of diagnosis and treatment.
     *State v. Ackerman*, 90 Wn. App. 477, 953 P.2d 816 (1999); *In re*

20       *Dependency of M.P.*, 76 Wn. App. 87, 882 P.2d 1180 (1994).

21       Petitioner argues that this situation differs because here the counselor was
     procured by a third party and their purpose was forensic, not medical. But

22       the record shows that the treatment counselor worked with the victim for
     over four months, that she was providing therapy, and that she was a

23       mandatory reporter and urged the parents to contact the police. Under
     these circumstances, the trial court did not abuse its discretion in

24

REPORT AND RECOMMENDATION - 9

1

2

> determining that the victim's statements were for the purpose of medical treatment. RP 97-98. Therefore, petitioner's claim fails.

Dkt. 8, Exhibit 20, pp. 3-4. In affirming the decision of the state court of appeals, the state

supreme court found:

3

4

5

6

7

8

9

> Mr. Vernon also argues that the acting chief judge should have granted relief on his hearsay claim. He contends that the trial court abused its discretion in allowing the victim's counselor to testify about victim statements made in treatment sessions. ER 803(a)(4) allows for admission of statements made for medical diagnosis and treatment. Given that the statements were made during ongoing treatment, Mr. Vernon does not demonstrate that the trial court abused its discretion in admitting the statements under ER 803(a)(4). The acting chief judge therefore properly denied the personal restraint petition.

Dkt. 8, Exhibit 22, p. 3.

10

11

In Ground 1, Petitioner alleges the state court erred by violating a state evidentiary rule.

12

*See* Dkt. 2. Petitioner challenges Washington ER 803(a)(4), arguing the state did not meet its

13

burden under ER 803(a)(4) and failed to engage in the reliability examination under Washington

14

law. *Id.* at pp. 6-11. As Petitioner is challenging the introduction of evidence in violation of a

15

state evidentiary rule, Petitioner has not alleged a constitutional ground sufficient for federal

16

habeas relief. *See Estelle*, 502 U.S. at 67 (the introduction of evidence in violation of state rules

17

of evidence fails to state a constitutional ground for habeas relief); *Jammal*, 926 F.3d at 919

18

(federal courts do "not review questions of state evidence law").

19

To succeed on Ground 1, Petitioner must show the decision to admit the testimony of Ms.

20

Comrie rendered the trial so arbitrary and fundamentally unfair that it violated due process. *See*

21

*Jammal*, 926 F.2d at 919. The record shows, P.R. testified to the sexual abuse during the trial,

22

providing more details than testified to by Ms. Comrie. *See* Dkt. 8, Exhibit 2, pp. 137-42, 144-

23

47. P.R. also testified about speaking with Ms. Comrie. *Id.* at pp. 151-52. As P.R. testified to

24

similar information at trial, Petitioner has not shown the trial court's decision to admit Ms.

1   Comrie's testimony under ER 803(a)(4) rendered the trial so arbitrary and fundamentally unfair

2   so as to violate his due process rights. *See Arellano v. Harrington*, 2012 WL 4210297, * 30 (E.D.

3   Cal. Sept. 18, 2012) (finding additional evidence, apart from the challenged testimony, supported

4   a finding of guilt and therefore admitting the challenged testimony did not render the petitioner's

5   trial fundamentally unfair). Furthermore, Petitioner has not identified, nor does the Court find, any

6   clearly established federal law holding the evidence submitted by Ms. Comrie was inadmissible in

7   state criminal trials. *See* Dkt. 1, 2; *see also* Dkt. 7 (Respondent's Answer stating there is no clearly

8   established federal law holding Ms. Comrie's testimony is inadmissible in state criminal trials).

9        A challenge to a state evidentiary rule is not a sufficient basis for granting federal habeas

10   relief. Further, regardless of any alleged error in admitting evidence from P.R.'s counselor under

11   ER 803(a)(4), Petitioner has not shown his due process rights were violated when the evidence was

12   admitted at trial. Therefore, Petitioner has failed to demonstrate the state court's conclusion that the

13   trial court's decision to allow testimony from P.R.'s counselor under ER 803(a)(4) was contrary to,

14   or an unreasonable application of, clearly established federal law. Accordingly, Ground 1 should

15   be denied.

16        B.  Admission of Evidence under ER 404

17        In Ground 2, Petitioner alleges the state court erred by admitting prior bad act evidence

18   under Washington ER 404(b) as proof of a common scheme or plan. Dkt. 2. Specifically,

19   Petitioner contends the trial court erred by allowing the state to admit evidence showing

20   Petitioner had sexually abused P.R.'s brother and sister, J.R. and K.R. *Id.* at pp. 12-16.

21        Prior to trial, the state moved to admit evidence of Petitioner's alleged prior sex offenses

22   against J.R. and K.R. *See* Dkt. 8, Exhibit 4. The trial court heard argument on the motion and

23   issued a written order finding "sufficient similarities between the charged incident and the facts

24

of the molestations with the victim's siblings to demonstrate that there is a general plan by the defendant." Dkt. 8, Exhibit 6, p. 3. The trial court found the probative value of the evidence substantially outweighed the danger of unfair prejudice, confusion of the issues, or misleading the jury and was therefore admissible. *Id.* at pp. 3-4. J.R. and K.R. testified at trial regarding the sexual abuse committed against them by Petitioner. Dkt. 8, Exhibit 1, pp. 199-25, Exhibit 2, pp. 172-77. Prior to testimony from each witness and at the conclusion of evidence, the trial court provided the jury a limiting instruction stating the evidence from J.R. and K.R. could be considered only as evidence to determine whether Petitioner used a common scheme or plan in allegedly committing the offense for which he was being tried. *See* Dkt. 8, Exhibit 1, p. 118-19, Exhibit 2, p. 172, Exhibit 7.

In finding the trial court did not err by admitting J.R.'s and K.R.'s testimony, the Washington State Court of Appeals stated:

> The trial court has the discretion to admit evidence of alleged prior sexual misconduct when those incidents were "very similar to the facts underlying the charged crime." [*State v.*] *Lough*, 125 Wn.2d [847, 863 (1995)]. *See also State v. Krause*, 82 Wn. App. 688, 919 P.2d 123 (1996), *review denied*, 131 Wn.2d 1007 (1997) (evidence of prior molestation to show pattern of gaining access to children and grooming them for sexual contact); *State v. Sexsmith*, 138 Wn. App. 497, 505, 157 P.3d 901 (2007), *review denied*, 163 Wn.2d 1014 (2008) (evidence of prior molestation to show similar use of position of authority, ages of victims and isolation of victims); *State v. Kennealy*, 151 Wn. App. 861, 889, 214 P.3d 200 (2009), *review denied*, 168 Wn.2d 1012 (2010) (evidence of prior molestation to show similar ages of victims, methods of molestation and instructions to victims not to tell). Here, the molestations of J. and K. were very similar to that alleged by P., in that they occurred when the children were about the same age, occurred in Vernon's house when the children were visiting, occurred when the children were alone with Vernon watching television and involved Vernon sliding his hand under the children's clothing. For that reason, Vernon fails to show that the trial court abused its discretion in admitting evidence of his molestations of J. and K. under ER 404(b) as evidence of a common plan or scheme used in the alleged molestation of P.

> Further, as occurred in *Lough*, the trial court gave instructions limiting the jury's consideration of the evidence from J. and K. "clearly and repeatedly" and a jury is presumed to have followed the court's instructions. *Lough*, 125 Wn.2d at 864.

Dkt. 8, Exhibit 13, pp. 6-7.

Petitioner has again alleged the state court erred by violating a state evidentiary rule. *See* Dkt. 2. In his briefing, Petitioner challenges Washington ER 404(b) and claims his behavior was opportunistic and did not show a common scheme or plan. *Id.* at pp. 12-16. He also relies on state law to support his position. *Id.* at p. 13 (citing *State v. Slocum*, 183 Wn. App. 438, 333 P.3d 541 (2014)). As Petitioner is challenging the trial court's decision to admit evidence under a state evidentiary rule, Petitioner has not sufficiently alleged a basis for federal habeas relief. *See Estelle*, 502 U.S. at 67 (the introduction of evidence in violation of state rules of evidence fails to state a constitutional ground for habeas relief); *Marshall*, 459 U.S. at 438 n. 6 ("the Due Process Clause does not permit the federal courts to engage in a finely-tuned review of the wisdom of state evidentiary rules").

To succeed on Ground 2, Petitioner must show the trial court's decision to allow testimony from J.R. and K.R. rendered the trial so arbitrary and fundamentally unfair that it violated due process. *See Jammal*, 926 F.2d at 919. The record shows, in January of 2012, approximately five months before trial, the State moved to admit evidence showing Petitioner had committed sexual offenses against J.R. and K.R. pursuant to ER 404(b) to show a common scheme or plan.[2] Dkt. 8, Exhibit 4. Five days before trial, the trial judge entered an order stating the trial court "considered an offer of proof, the pleadings, its own file, and the law" to determine

---

[2] The State also argued the evidence was admissible under Revised Code of Washington ("RCW") 10.58.090. Dkt. 8, Exhibit 4. However, prior to a ruling from the trial court, the State conceded the acts were not admissible pursuant to RCW 10.58.090 in light of *State v. Gresham*, 173 Wn.2d 405 (2012) and sought to admit the evidence under ER 404(b) only. Dkt. 8, Exhibit 6, p. 2.

REPORT AND RECOMMENDATION - 13

1   if evidence of Petitioner's prior sexual offenses against J.R. and K.R. should be admitted at trial

2   under ER 404(b). Dkt. 8, Exhibit 6. He determined evidence showing Petitioner molested J.R.

3   and K.R. by touching them while watching television on the couch in his home, similar to the

4   manner in which he was alleged to have molested the victim, was admissible to demonstrate a

5   common plan. *Id.* However, the trial judge found evidence showing Petitioner "inserted his

6   fingers into [K.R.'s] vagina, had oral sex with her, and had penile/vaginal sex with her [was]

7   overly prejudicial and [was] excluded." *Id.* at p. 3.

8          During the trial, prior to the testimony of both J.R and K.R., the trial judge gave a

9   limiting instruction telling the jury it could only consider the evidence to show a common

10  scheme or plan. Dkt. 8, Exhibit 1, pp. 118-19, Exhibit 2, p. 172. The trial judge also gave a jury

11  instruction at the close of evidence reiterating that the jury could only consider the evidence from

12  J.R. and K.R. to determine if Petitioner used a common scheme or plan in allegedly committing

13  the offense for which he was being tried. *See* Dkt. 8, Exhibit 7, Instruction No. 5.

14         The trial court admitted only the evidence showing Petitioner committed prior acts which

15  were very similar in fact to the allegations surrounding the charged crimes. The trial court also

16  gave limiting instructions to the jury to prevent prejudice based on J.R's and K.R.'s testimony.

17  Therefore, Petitioner has not shown the testimony of J.R. and K.R. rendered his trial so arbitrary

18  and fundamentally unfair that it violated his due process rights. *See Walters v. Maass*, 45 F.3d

19  1355, 1357-58 (9th Cir. 1995) (admission of evidence of prior bad act as proof of intent was not

20  arbitrary or so prejudicial that it denied the defendant a fair trial guaranteed by due process when

21  the prior act was not too remote in time and the trial court gave a limiting instruction).

22         As challenges to state evidentiary rules are not sufficient bases for granting federal habeas

23  relief and as Petitioner has not shown his due process rights were violated, Petitioner fails to

24

1    demonstrate the state court's decision to admit evidence of Petitioner's prior sexual conduct under

2    ER 404(b) was contrary to, or an unreasonable application of, clearly established federal law. *See*

3    *Wallin v. Holbrook*, 2012 WL 4792935, *11-12 (W.D. Wash. May 30, 2012) (denying habeas

4    relief on a ground alleging the state court erred by admitting evidence under Washington ER

5    404(b) because the admission of evidence deemed relevant under state evidentiary rules does not

6    state a constitutional ground for habeas relief and the petitioner failed to show the admission of

7    evidence rendered his trial fundamentally unfair or otherwise violated his constitutional rights).

8    Accordingly, Ground 2 should be denied.

9                                  <u>CERTIFICATE OF APPEALABILITY</u>

10           A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district

11   court's dismissal of the federal habeas petition only after obtaining a certificate of appealability

12   (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may

13   issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional

14   right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of

15   reason could disagree with the district court's resolution of his constitutional claims or that jurists

16   could conclude the issues presented are adequate to deserve encouragement to proceed further."

17   *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484

18   (2000)).

19           No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or

20   would conclude the issues presented in the Petition should proceed further. Therefore, the Court

21   concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

22

23

24

CONCLUSION

The Court recommends the Petition be denied. No evidentiary hearing is necessary and a certificate of appealability should be denied. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June 17, 2016, as noted in the caption.

Dated this 2nd day of June, 2016.

David W. Christel
United States Magistrate Judge